**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert John NEWBERT, Defendant–Appellant.**

**No. 90–50642.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 10, 1991 *.

Decided Dec. 20, 1991.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Michael Alcala, Deputy Public Defender, Los Angeles, Cal., for defendant-appellant.

Robert Brosio, Asst. U.S. Atty., Lawrence H. Cho, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BROWNING, ALARCON and T.G. NELSON, Circuit Judges.

T.G. NELSON, Circuit Judge:

Robert John Newbert pleaded guilty to two counts of making false statements in a matter within the Defense Department's jurisdiction, in violation of 18 U.S.C. § 1001. He appeals the enhanced sentence imposed upon him based on the "relevant conduct" provision of the Sentencing Guidelines § 1B1.3. We affirm.

## FACTS AND PROCEEDINGS BELOW

Newbert was employed by Litton Guidance and Control System ("Litton"), a company that does ninety percent of its business with the Defense Department of the United States. Newbert's duties were to procure items for the engineering section in which he worked, and to seek reimbursement for these items by submitting petty cash vouchers. Litton charged these vouchers to its customers in two ways: directly to a specific contract, or indirectly allocated across multiple contracts. At month's end, the direct and indirect costs were identified to specific contracts for billing purposes.

Based on a tip from a Litton employee, the Defense Criminal Investigative Service for the Department of Defense Inspector General's Office contacted the Defense Contract Audit Agency to audit Litton's petty cash account. The Department of Defense had procedures for conducting this investigation because such a large percentage of Litton's business is with the United States government.

As a result of the investigation, Newbert was charged with making false statements within the jurisdiction of the United States in violation of 18 U.S.C. § 1001. Specifically, the two count information accused him of submitting two false vouchers, one for $90.00 and the other for $92.75, which were, in turn, charged to the United States. Newbert pleaded guilty to these two counts, additionally admitting that over a number of years, he submitted false vouchers worth $214,705.39. Newbert agreed to restore the $214,000 to Litton.

On August 17, 1990, Newbert was sentenced in accordance with the United States Sentencing Guidelines. Among other guidelines, the district court applied the "relevant conduct" provision, U.S.S.G. § 1B1.3(a)(2), which enhanced Newbert's base sentence to reflect the entire amount he falsified ($214,000), not just the amount for which he was convicted ($182.75). Since Newbert's "relevant conduct" involved a sum over $200,000, his total offense level was increased by one point, thereby increasing his possible term from

18–24 months to 21–27 months. (U.S.S.G. Ch. 5, Pt. A; ER 22). Newbert appeals the district court's application of the "relevant conduct" provision.

## DISCUSSION

■ A district court's legal interpretation of the federal sentencing guidelines is reviewed *de novo*, and its factual determinations made in the course of applying the guidelines are reviewed for clear error. *United States v. Wilson*, 900 F.2d 1350, 1355 (9th Cir.1990).

Newbert pleaded guilty to violating 18 U.S.C. § 1001, which consists of "(1) knowingly making a false statement (2) which is material, and (3) made with regard to any matter within the jurisdiction of any department or agency of the United States." *United States v. Rose*, 570 F.2d 1358, 1363 (9th Cir.1978). The false statement need not be made directly to a federal department/agency for the "jurisdiction" element to be satisfied; rather the agency must merely have " 'the power to exercise authority in a particular situation.' " *United States v. Oren*, 893 F.2d 1057, 1064 (9th Cir.1990). (quoting *United States v. Rodgers*, 466 U.S. 475, 479, 104 S.Ct. 1942, 1946, 80 L.Ed.2d 492 (1984)).

The United States Sentencing Guidelines §§ 1B1.3(a)(2) and (a)(3) [1] mandate sentencing consideration of a broad range of conduct (called "relevant conduct") beyond the offense of conviction. Section 1B1.3(a)(2) applies only to a certain class of crimes, including fraud and embezzlement, where the defendant was involved in a pattern of small thefts. The Guideline analysis of harm is based on quantity, and the conduct should therefore be viewed as a whole. U.S.S.G. § 1B1.3, comment. (backg'd.) Relevant conduct includes acts that were part of the same common scheme as the offense of conviction.

"The goal of the relevant conduct provision is to allow a court to impose sentences commensurate with the gravity of the offense." *United States v. Kappes*, 936 F.2d 227 (6th Cir.1991). For example, a pattern of embezzlement may consist of many small acts that cannot separately be identified, even though the overall conduct is clear. U.S.S.G. § 1B1.3, comment. (backg'd.) "Relying on the entire range of conduct, regardless of the number of counts that are alleged or on which a conviction is obtained, appears to be the most reasonable approach to writing workable guidelines for these offenses." [2] *Id.*

By pleading guilty, Newbert conceded that the federal government had jurisdiction over the charged offenses. He argues, however, that there is no proof that the *uncharged* vouchers, amounting to over $200,000, were either specifically billed to the Department of Defense or, if they were, that the expense was properly based on the government contract. He contends that these vouchers might have been billed to the non-government contracts which comprised ten percent of Litton's business, and that without a connection to the government, the jurisdiction element of § 1001 is not met.

In considering Newbert's claim, two subissues seem to emerge: (1) whether uncharged conduct that does not violate federal law, but is part of the same common scheme as a federal crime, is included in the relevant conduct considered by the Guidelines, and (2) whether Newbert may be placed in double jeopardy because he

---

**1.** § 1B1.3 *Relevant Conduct (Factors that Determine the Guideline Range)*
   (a) *Chapters Two (Offense Conduct) and Three (Adjustments).* Unless otherwise specified, (i) the base offense level ... shall be determined on the basis of the following:
     (2) solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction;

     (3) all harm that resulted from the acts or omissions specified in subsections (a)(1) and (a)(2) above, and all harm that was the object of such acts or omissions....

**2.** The Seventh Circuit observed, "obviously [§ 1B1.3] invites the prosecutor to indict for less serious offenses which are easy to prove and then expand them in the probation office." *United States v. Ebbole*, 917 F.2d 1495 (7th Cir. 1990).

could be tried in a state court for the non-federal conduct, while serving extra time on the current federal offense for the same conduct.

### A.

■■■ Since the government has not proven that all the uncharged vouchers affected the billing on government contracts, at least some of this relevant conduct might have violated state, not federal, law. We now consider, for the first time, whether non-federal relevant conduct can fall within the jurisdiction of § 1B1.3(a)(2) of the federal guidelines. We hold that it can.

We find no intention by the Sentencing Commission to narrow §§ 1B1.3(a)(2) and (a)(3) to federal conduct only. Those subsections specifically direct the consideration of *all* acts that were part of the same course of conduct or common scheme or plan, as well as *all* harm that resulted from those acts. The background comment stresses that the relevant conduct is established if it is a part of the same course of conduct. *See* U.S.S.G. § 1B1.3(a)(2); U.S.S.G. § 1B1.3(a)(2), comment. (backg'd.).

In the present case, all of Newbert's actions took place in the same general course of conduct. There was no difference in the way he committed the state offenses compared to the federal offenses. His conduct was the same in either case. There is no indication the Sentencing Commission intended to distinguish among the jurisdictional components of a clearly common pattern of criminal conduct. Rather, the Sentencing Guidelines evidence a clear intent that persons who commit a scheme of fraud be punished in accordance with the total harm caused by the fraud. The commentary to the relevant conduct provision notes that offenses like the one committed by Newbert, "often involve a pattern of misconduct that cannot be readily broken into discrete, identifiable units that are meaningful for the purposes of sen-tencing" and that "what constitutes separate counts or offenses often turn[s] on technical elements that are not especially meaningful for purposes of sentencing." U.S.S.G. § 1B1.3, comment. (backg'd.). Rather than rely on such technical distinctions between offenses that are part of a pattern, the Guidelines' approach is to rely on "the full range of related conduct." *Id.* The commentary indicates this approach is important in dealing with "a pattern of small thefts." *Id.*

### B.

■■ The second issue presented in this case is whether a defendant would be placed in double jeopardy because he could be tried in a state court for non-federal conduct, while serving extra time on the federal offense for the same conduct.

In *United States v. Mun,* 928 F.2d 323 (9th Cir.1991), we ruled on this issue as it relates to another section of the Guidelines, holding that successful prosecution by the state does not bar subsequent sentencing by a federal court based on the same conduct. *Id.* at 324. In that case, the defendant was charged in federal court as an ex-felon in possession of firearms, giving rise to an enhanced sentence under U.S.S.G. § 2K2.1(c)(2). The defendant claimed that his conviction by the State of Oregon for charges arising from the same conduct barred the application of § 2K2.1(c)(2). *Id.* In holding that the application was not barred, we reasoned that the plain language of § 2K2.1(c)(2) did not refer to such an exception, and no language in the commentary indicates that such an exception was intended by the Sentencing Commission. *Id.* Implicit in the *Mun* decision is the notion that double jeopardy does not arise when a person receives an enhanced sentence in a federal court for the same conduct for which he is convicted in state court.[3]

---

**3.** The double jeopardy prohibition does not prevent dual prosecution by separate sovereigns. *Bartkus v. Illinois,* 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959). Therefore, the state/federal double jeopardy issues raised in this case are unaffected by *United States v. Koonce,* 945 F.2d 1145 (10th Cir.1991) (Double Jeopardy Clause violated when a federal conviction is based on relevant conduct used to increase a Guidelines sentence in a prior federal case.)

In the present case, the plain language of § 1B1.3 and the accompanying commentary similarly indicates that no exception was intended by the Sentencing Commission. We therefore hold that conduct which could be the basis of state prosecution may be considered for sentencing purposes on a federal conviction for other conduct which was part of the same common scheme or plan.

AFFIRMED.