972 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Wayne COURSON, Defendant-Appellant.
 No. 91-30366.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 10, 1992.*
Decided July 29, 1992.
 
 Before ALARCON, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony Courson pleaded guilty to one count of mail fraud, and was sentenced to imprisonment for twenty months followed by a three-year term of supervised release. A special condition of Courson's supervised release was that he pay restitution in the amount of $40,000. Courson now appeals this sentence. He argues: (1) that the district court erroneously applied the relevant conduct provisions of the Sentencing Guidelines; (2) that the district court improperly increased Courson's criminal history points on the ground that Courson was under a criminal sentence when the "instant offense" was committed; (3) that the district court improperly made an upward departure from the Guideline range; and (4) that the district court erred in requiring Courson to pay restitution for conduct which was not part of the offense of conviction.
 
 
 3
 "We review de novo a district court's application of the United States Sentencing Guidelines, to the extent that such application involves a mixed question of law and fact." United States v. Davis, 922 F.2d 1385, 1387 (9th Cir.1991). However, when "reviewing a district court's determination of underlying facts in connection with sentencing, this court will reverse only those findings which are clearly erroneous." Id. at 1387-88. We review the legality of a restitution requirement de novo. See United States v. Snider, 957 F.2d 703, 705 (9th Cir.1992). If the restitution order complies with statutory requirements and limitations, however, we review it for abuse of discretion. Id.
 
 
 4
 We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand for resentencing.
 
 
 5
 * Courson first argues that the district court improperly deemed as relevant conduct those fraudulent acts which did not actually use or attempt to use the United States mails, and which therefore could not have formed the basis of a mail fraud (or any other federal) charge. Courson admits that this conduct violated state law, but contends that, because such conduct did not violate any federal laws, it cannot be considered "part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2).
 
 
 6
 This argument lacks merit because "non-federal relevant conduct can fall within the jurisdiction of § 1B1.3(a)(2) of the federal guidelines." United States v. Newbert, 952 F.2d 281, 284 (9th Cir.1991), cert. denied, 112 S.Ct. 1702 (1992). Accordingly, the district court properly considered "all acts that were part of the same course of conduct or common scheme or plan, as well as all harm that resulted from those acts," id., even though Courson's relevant conduct might have violated only state, not federal, law.[1]
 
 
 7
 Courson next contends that the numerous acts of fraud which he committed cannot be deemed relevant conduct because those acts involved different insurance companies and different victim drivers, were separated in time and place, and involved different combinations of the co-defendants. This argument also lacks merit.
 
 
 8
 Establishing that Courson's conduct was relevant conduct under § 1B1.3(a)(2) "requires a showing of similarity, regularity, and temporal proximity in sufficient proportions so that a sentence may fairly take into account conduct extraneous to the events immediately underlying the conviction." United States v. Hahn, 960 F.2d 903, 911 (9th Cir.1992). However, "it is for the district court to determine in the first instance whether these components exist in proper amounts and proportions to support a finding that certain extraneous conduct is nevertheless relevant for sentencing purposes," id. at 910, and we review the determination as to whether conduct is relevant within the meaning of § 1B1.3(a)(2) for clear error. Id. at 907.
 
 
 9
 The district court in this case considered the appropriate factors in reaching its conclusion as to relevant conduct. The court specifically found that Courson repeatedly and regularly engaged in similar fraudulent schemes over an extended period of time, thus establishing a long-running pattern of relevant conduct. After reviewing the record, we hold that the district court's determination was not clearly erroneous.[2]
 
 II
 
 10
 Courson next challenges the district court's decision, made pursuant to U.S.S.G. § 4A1.1(d), to add two points to Courson's criminal history score based on the determination that Courson engaged in relevant conduct while under a criminal justice sentence.[3]
 
 
 11
 Courson acknowledges that he participated in the "Truelove" episode in March 1990, and that he previously had been placed on probation in January 1990. Courson argues, however, that the Truelove episode cannot be considered "relevant conduct," and thus that the district court erred in concluding that Courson engaged in any relevant conduct while under a criminal justice sentence. More specifically, Courson argues that the Truelove episode cannot be considered relevant conduct because it was not directly related to the offense of conviction, it did not amount to conduct which could have been charged as mail fraud, it was too remote from the date of the offense of conviction, and it involved a different insurance company.
 
 
 12
 We reject this argument for the same reasons enumerated supra Part I. The fact that the Truelove episode involved non-federal conduct does not preclude a determination that it was relevant conduct under the Guidelines. See Newbert, 952 F.2d at 284. Additionally, the fact that this episode did not occur in conjunction with the offense of conviction, but was a more remote event, does not vitiate the district court's finding that the episode was relevant conduct. See generally Hahn, 960 F.2d at 909-11. The district court, therefore, did not err in finding that Courson engaged in relevant conduct while on probation, and in enhancing his criminal history score pursuant to § 4A1.1(d).
 
 III
 
 13
 Courson next contends that the district court erred in making a two-point upward departure from the base Guideline range. Once again, this argument is meritless.
 
 
 14
 In justifying its upward departure, the district court noted that Courson had been involved in the fraudulent operation for a long period of time, that Courson had received more money from the scheme than his uncle (a co-participant in the scheme), and that Courson had a prior criminal record. The court, however, primarily justified its upward departure on the ground that Courson's course of conduct--causing automobile accidents so as to be able to recover insurance money--was "a form of Russian roulette," which created a risk of serious injury.
 
 
 15
 Courson now argues that the district court's departure was improper because the factors considered by the court had already been taken into account by the Guidelines. See United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc) (upward departure not permissible if based on factors already taken into account by Sentencing Commission). We reject this argument because, as the district court specifically noted, the key factor relied upon by the court--the risk of serious injury--had not been taken into consideration by the Sentencing Commission in the version of the Guidelines effective at the time Courson engaged in the conduct for which he was convicted. U.S.S.G. § 2F1.1(b)(4), which provides that "[i]f the offense involved the conscious or reckless risk of serious bodily injury, increase by 2 levels," was not adopted until the version of the Guidelines effective November 1, 1989. Courson, however, began participating in the fraud schemes no later than 1987, and the date of the offense of conviction was December 1, 1988.
 
 
 16
 Thus, the district court correctly based its upward departure on the ground that Courson's conduct involved a risk of serious bodily injury--a factor not taken into account by the Guidelines effective at the time of Courson's conduct.[4]
 
 IV
 
 17
 Courson also asserts that the district court improperly required him to pay restitution for conduct which was not part of the offense of conviction. We agree.
 
 
 18
 Pursuant to U.S.S.G. § 5E1.1, the district court was required to order restitution in accordance with 18 U.S.C. § 3663-3664 (the Victim and Witness Protection Act).[5] In United States v. Sharp, 941 F.2d 811 (9th Cir.1991), a case involving a guilty plea to a single count of wire fraud in a multi-count indictment and a subsequent restitution order under the VWPA, we held that "[e]ven when the offense of conviction involves a conspiracy or scheme, restitution must be limited to the loss attributable to the specific conduct underlying the conviction." Id. at 815 (relying on Hughey v. United States, 110 S.Ct. 1979 (1990)). Accordingly, we "limit[ed] restitution in a wire fraud scheme to the amount specified in the count to which the guilty plea was made." Id. at 813.
 
 
 19
 The district court in this case did not limit the amount of restitution owed by Courson to the amount attributable to the conduct underlying the single count to which Courson pleaded guilty. The court, therefore, exceeded its authority as established in Sharp.[6] "The appropriate remedy for a sentence imposed in excess of the sentencing court's authority is to vacate the entire sentence and remand for resentencing." Sharp, 941 F.2d at 815 (quoting United States v. Blue Mountain Bottling Co., 929 F.2d 526, 529 (9th Cir.1991)).
 
 
 20
 AFFIRMED in part; REVERSED in part; and REMANDED for resentencing.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Courson also argues that, because his fraudulent acts not involving the United States mails were not federal offenses, those acts were not "offenses of a character for which § 3D1.2(d) would require grouping of multiple counts," and thus that such acts cannot be considered relevant conduct under U.S.S.G. § 1B1.3(a)(2). This argument, which is substantively the same as that discussed above (i.e., that non-federal conduct cannot fall within § 1B1.3(a)(2)), is foreclosed by Newbert, 952 F.2d at 284
 
 
 [2]
 Davis, 922 F.2d at 1389-91, upon which Courson relies, discusses when cases are "related" within the meaning of U.S.S.G. § 4A1.2, and is inapplicable to our "relevant conduct" analysis under § 1B1.3(a)(2)
 
 
 [3]
 Courson acknowledges that the Guidelines define "instant offense" to include "relevant conduct." See U.S.S.G. § 4A1.1, comment. (n. 4). Accordingly, if Courson engaged in any relevant conduct while under a criminal justice sentence (including probation) the two-point enhancement provided by § 4A1.1(d) would be appropriate
 
 
 [4]
 Courson also argues that there was no risk of "serious bodily injury." The district court, however, did not clearly err in finding the existence of a risk of such injury. See Lira-Barraza, 941 F.2d at 746 (review for clear error factual findings supporting existence of identified aggravating circumstance)
 
 
 [5]
 While the district court ordered the restitution as a condition of supervised release, such an order is consistent with both § 5E1.1 and 18 U.S.C. § 3663
 
 
 [6]
 United States v. Duvall, 926 F.2d 875, 876-77 (9th Cir.1991), is not to the contrary. Duvall held that a restitution order made as a condition of probation under the Federal Probation Act, 18 U.S.C. § 3651, repealed and amended by Pub.L. No. 98-473, tit. II, §§ 212(a)(1), (2), 235(a)(1), 98 Stat.1987, 2031 (1984), was not controlled by the limiting language of Hughey. Duvall, however, was specifically addressing the breadth of the Federal Probation Act, which is not applicable to this case. Because this case involves an application of 18 U.S.C. § 3663-64, we are bound by Sharp