980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darin FREEMAN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dante HOSKINS, Defendant-Appellant.
 Nos. 91-50696, 91-50698.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 25, 1992.
 
 Before D.W. NELSON, CYNTHIA HOLCOMB HALL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dante Hoskins and Darin Freeman appeal their convictions and sentences for aiding and abetting a robbery of a savings and loan association, in violation of 18 U.S.C. § 2113(a), and for conspiring to commit a robbery of a savings and loan association, in violation of 18 U.S.C. § 371. Both argue that the district court violated their Sixth Amendment rights by not striking the testimony of John Matthew Aragon, an accomplice in the robbery, and that the district court erred in increasing their sentences for a death threat made by Aragon. Hoskins also argues that the district court erred in making an upward adjustment based on his leadership role in the offense. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Aragon testified at trial, pursuant to a cooperation agreement with the government, that he committed the robberies at the direction of Hoskins and Freeman. When asked about other robberies for which he was being investigated by state authorities, Aragon refused to answer invoking his Fifth Amendment privilege. As a result, Hoskins and Freeman moved to strike Aragon's entire testimony, but the district court refused. Hoskins and Freeman argue that in denying their motion to strike, the district court abridged their Sixth Amendment rights to confrontation.
 
 
 4
 When a witness refuses to answer questions based on Fifth Amendment privilege, striking the witness's entire testimony is an extreme sanction. United States v. Lord, 711 F.2d 887, 892 (9th Cir.1983). A trial judge may apply this sanction only when the question asked pertains to matters directly affecting the witness's testimony. Id.; United States v. Cardillo, 316 F.2d 606, 611 (2d Cir.), cert. denied, 375 U.S. 822 (1963). If the privilege is invoked as to purely collateral matters, on the other hand, the witness's testimony may be used against the defendant. Lord, 711 F.2d at 892; Cardillo, 316 F.2d at 611.
 
 
 5
 Aragon invoked the Fifth Amendment privilege to questions relating to alleged state crimes, which are purely collateral. Aragon did not testify on direct examination about these alleged state crimes. Nevertheless, Freeman argues that Aragon's testimony regarding the state crimes would have diminished his credibility because it could have shown that he was committing state crimes with others on the days he said he was robbing banks with Freeman and Hoskins. Freeman, however, attempted to cross-examine Aragon about state law crimes committed on March 30, 1991. Since Aragon testified that he committed bank robberies with Hoskins and Freeman on March 29, March 31, and April 4, 1991, testimony about Aragon's March 30 state law crimes could not have impeached him the way Freeman suggests. More importantly, Freeman did not inform the district court of this reason for cross-examining Aragon. Without such an offer of proof, Freeman did not preserve this argument for appeal. Fed.R.Evid. 103(a)(2); United States v. Perkins, 937 F.2d 1397, 1404 (9th Cir.1991).
 
 
 6
 Hoskins argues that Aragon's state law crimes would have discredited Aragon's testimony that Hoskins and Freeman led him into a life of crime. There was, however, substantial testimony regarding Aragon's criminal history, including juvenile offenses. The district court found that Aragon was sufficiently impeached about his "life of crime" testimony, making the testimony regarding the state law crimes cumulative. This finding was not an abuse of discretion.
 
 
 7
 Finally, Hoskins and Freeman appear to argue that state law crimes could have shown bias. Evidence relevant to bias, however, may be excluded because of a witness's exercise of his Fifth Amendment privilege. United States v. Lester, 749 F.2d 1288, 1301 (9th Cir.1984) (affirming trial court's exclusion of bias evidence as cumulative); see also Cardillo, 316 F.2d at 611. Moreover, Aragon's testimony relating to the state law crimes has only marginal relevance to bias, since Aragon's cooperation agreement with the federal government could not foreclose prosecution of the state crimes. In any event, the evidence would have been cumulative since Aragon had been cross-examined extensively relating to bias.
 
 II
 
 8
 Hoskins and Freeman also appeal the district court's decision to increase their offense levels by two for making a death threat under § 2B3.1(b)(2)(F) of the Sentencing Guidelines. We review findings of facts under the guidelines for clear error, and we review legal interpretations de novo. United States v. Newbert, 952 F.2d 281, 283 (9th Cir.1991), cert. denied, 112 S.Ct. 1702 (1992). Hoskins and Freeman argue that Aragon, not they, wrote the notes with the death threats and that these threats were not within the scope of their agreement with Aragon to rob the banks, nor were the threats foreseeable.
 
 
 9
 The relevant conduct rules in the Guidelines allow an increase in offense level for conduct for which the defendant "would be otherwise accountable." U.S.S.G. § 1B1.3(a)(1). The Commentary notes that in cases of criminal activity undertaken in concert with others, "whether or not charged as a conspiracy," the defendant is accountable for "conduct of others in furtherance of the execution of jointly-undertaken criminal activity that was reasonably foreseeable." U.S.S.G., § 1B1.3, Application Note 1.
 
 
 10
 The district court did not clearly err in finding that the death threats were foreseeable. Hoskins, in front of Freeman, wrote the death threat notes used by Aragon in the first two bank robberies on March 29. It was therefore foreseeable that Aragon would use death threat notes on March 29, and in subsequent robberies.
 
 III
 
 11
 Finally, Hoskins argues that the district court erred by making an upward adjustment based on his leadership role in the offense. A determination that a defendant is a leader and organizer of criminal activity under § 3B1.1 of the guidelines is reviewed for clear error. United States v. Carvajal, 905 F.2d 1292, 1295 (9th Cir.1990).
 
 
 12
 Hoskins argues that the evidence only shows that he was a member of the robbery ring. However, there is evidence that Hoskins recruited Aragon, selected the banks to rob, wrote some of the notes used in the robberies, and kept, with Freeman, the proceeds of the robberies except for $100 which was given to Aragon for his participation. Based on this evidence, the district court concluded that Hoskins played a leadership role in the offense. We cannot say that this finding was clearly erroneous.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3