988 F.2d 122
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Danford M. BICKMORE, Defendant-Appellant.
 Nos. 92-10119, 92-10120.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 14, 1992.
Decided March 10, 1993.
 
 Appeal from the United States District Court for the Northern District of California, Nos. CR 90-0220-WHO, CR 90-0507-WHO; William N. Orrick, District Judge, Presiding.
 N.D.Cal.
 AFFIRMED.
 Before WILLIAM A. NORRIS, BEEZER and KLEINFELD, Circuit Judges.
 MEMORANDUM*
 Appellant Danford M. Bickmore plead guilty to counts of mail fraud, wire fraud, making counterfeit bonds, and making false statements on federal bonds. He was sentenced to 46 months imprisonment, and ordered to pay fines and substantial restitution. Bickmore appeals his sentence, arguing the district court erred in: (1) imposing an enhancement for obstruction of justice; (2) including losses not attributable to a federal offense as "relevant conduct" under the guidelines; (3) calculating the amount of loss suffered by one of Bickmore's victims; and (4) ordering restitution and fines. We affirm.
 I. Obstruction of Justice Enhancement.
 Bickmore argues that the district court erred in enhancing his sentence two levels for obstruction of justice. Specifically, he argues that he did not make material misrepresentations to the probation officer concerning whether or not he had been paid for issuing the bonds in question. This court reviews an enhancement on the basis of obstruction of justice for clear error. United States v. Morales, 977 F.2d 1330, 1330-31 (9th Cir.1992), cert. denied, 1993 U.S. Lexis 1880 (1993).
 Section 3C1.1 of the United States Sentencing Guidelines provides that:
 If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels.
 
 
 1
 Application Note 3(h) states that this enhancement applies when a defendant "provid[es] materially false information to a probation officer in respect to a presentence or other investigation for the court." Here, the presentence report stated that the probation officer asked Bickmore "if money exchanged hands during the negotiation of the government bonds in the instant offense." Bickmore responded "no money changed hands." The government claims, and the probation officer and district court agreed, that copies of checks deposited into Bickmore's bank account show that Bickmore's statement to the probation officer was false. We see no clear error here. Further, statements concerning a defendant's financial gain from the offense conduct are material to the computation of the amount of any fine imposed. U.S.S.G. § 5E1.2(d)(1).
 
 
 2
 II. Inclusion of the Chino School District Losses.
 
 
 3
 Bickmore argues that the district court erred in including losses suffered by the Chino School District as the result of a fraudulent non-federal bond issued by Bickmore as "relevant conduct" in determining his offense level. This court reviews a district court's legal interpretation of the guidelines de novo, and its factual determinations made in the course of applying the guidelines for clear error. United States v. Newbert, 952 F.2d 281, 283 (9th Cir.1991), cert. denied, 112 S.Ct. 1702 (1992).
 
 
 4
 Under section 1B1.3(a)(2) of the guidelines, relevant conduct for sentencing purposes includes all acts that were "part of the same course of conduct or common scheme or plan as the offense of conviction." Here the district court included the amount of losses suffered by the Chino School District in calculating Bickmore's sentence despite the fact that this loss was not attributable to a federal offense. We have held that conduct that does not violate federal law but is part of the same common scheme as a federal crime is "relevant conduct" within section 1B1.3(a)(2). Newbert, 952 F.2d at 284. Here Bickmore's conduct with regard to the school district was clearly part of a common scheme. We affirm.
 
 
 5
 III. Measurement of the Chino School District's Loss.
 
 
 6
 Bickmore argues that the court erred in its calculation of the school district's loss, and that the loss should be measured by intended losses rather than actual losses. He offers no Ninth Circuit support for this proposition, and no language in the guidelines or commentary. There is none.
 
 
 7
 Application Note 7 to section 2F1.1 states that "if an intended loss that the defendant was attempting to inflict can be determined, this figure will be used if it is greater than the actual loss" (emphasis added). This provision also notes that sometimes additional factors may be considered in determining loss, as in the case of fraudulent contract procurement cases in which there is no actual loss but the defendant's conduct created a risk of loss. See Application Note 7(b). The application note does not state that, as a general rule, intended loss should serve as the measure of loss in cases where it is less than some actual loss suffered by the defrauded party, nor do the cases cited by Bickmore in his brief. These cases, as well as cases in this circuit, hold only that intended loss may be considered when there is no actual loss. See United States v. Davis, 922 F.2d 1385, 1391-92 (9th Cir.1991). This is consistent with the plain language of Application Note 7. Finally, this case is not one of the rare cases in which the actual loss "overstate[s] the seriousness of the defendant's conduct," see Application Note 7(b), thereby warranting a departure from the ordinary rule that actual loss provides the correct measure.
 
 
 8
 IV. Restitution and Fines.
 
 
 9
 Bickmore argues that the district court failed properly to consider his ability to pay the fines and restitution he was ordered to pay. This argument fails for several reasons.
 
 
 10
 First, we generally deem objections to restitution awards and fines to be waived if not raised before the district court. United States v. Clack, 957 F.2d 659, 661 (9th Cir.1992); United States v. Mondello, 927 F.2d 1463, 1468 (9th Cir.1991). This case does not fall within an exception to this waiver rule. Further, the district court is not required to make findings of fact regarding defendant's ability to pay. United States v. Cannizzaro, 871 F.2d 809, 811 (9th Cir.), cert. denied, 493 U.S. 895 (1989). It is sufficient that the record indicates that the district court considered this issue. Id. at 812. Here, as in Cannizzaro, the court specifically referred to the presentence report which contained information on the defendant's financial resources. This was sufficient in Cannizzaro, and it is sufficient here.
 
 
 11
 V. Bickmore's Pro Se Arguments.
 
 
 12
 Bickmore raises additional arguments in his pro se brief concerning judicial misconduct and the failure of the probation officer to advise him that he could have counsel present at his interview. These arguments lack both factual and legal support.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3