66 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Minh TRUONG, Defendant-Appellant.
 No. 94-50366.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1995.*
Decided Sept. 13, 1995.
 
 1
 Before: HALL and LEAVY, Circuit Judges, and HOGAN,** Chief District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Minh Truong appeals his sentence under the Sentencing Guidelines and the order imposing restitution, imposed following his guilty plea to aiding and abetting the embezzlement of mail containing credit cards, in violation of 18 U.S.C. Secs. 2 and 1709.
 
 
 4
 Truong contends that the district court did not adhere to the specifications of Rule 32 of the Federal Rules of Criminal procedure when, pursuant to Truong's objection to the treatment of uncharged conduct as relevant conduct, the district court failed to make specific factual findings. Truong objected to the recommendation in the presentence report ("PSR") that the $10,985.27 loss resulting from the fraudulent use of the credit cards linked to the card sleeves found in his truck be included in the amount of loss computation under section 2B1.1(b)(1)(F). While conceding the underlying facts, Truong insists the criminal activity he undertook with his codefendant, as charged in the indictment, was the embezzlement of mail on the day he was arrested. Therefore, any fraudulent use of other stolen credit cards was not in furtherance of the criminal activity he jointly undertook with his codefendant.
 
 Rule 32(c)(3)(D) requires, in part, that:
 
 5
 If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing.
 
 
 6
 Fed.R.Crim.Pro. 32(c)(3)(D).
 
 
 7
 Section 1B1.3 of the Sentencing Guidelines provides for the consideration by the sentencing court of all "relevant conduct" in computing a defendant's offense level. U.S.S.G. Sec. 1B1.3. Section 1B1.3(a)(1)(B) provides that relevant conduct includes: "in the case of a jointly undertaken criminal activity ..., all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken activity." Id. at Sec. 1B1.3(a)(1)(B). Finally, section 1B1.3(a)(2) provides that uncharged acts are relevant conduct if they are "part of the same course of conduct or part of a common scheme or plan as the count of convictions." Id. at 1B1.3(a)(2). Thus, the $10,985,27 loss attributed to Truong must have resulted from the same course of conduct and must have been reasonably foreseeable and in furtherance of the criminal activity.
 
 
 8
 This Circuit has developed a "factually-oriented test for determining whether a district court has clearly erred in considering as 'part of the same course of conduct or part of a common scheme or plan as the count of conviction' conduct which exists in discrete, identifiable units apart from the offense of conviction." Hahn, 960 F.2d at 909-10. The factors to be considered are "the nature of [ ] defendant's acts, his role, and the number and frequency of repetitions of those acts, in determining whether they indicate a behavior pattern." Id. at 910 (quotations omitted) (essential components of the analysis are similarity, regularity, and temporal proximity). The government must establish these elements by a preponderance of the evidence. See, e.g., United States v. Navarro, 979 F.2d 786, 788 (9th Cir.1992).
 
 
 9
 Relying on three Ninth Circuit cases, Truong maintains that the court must make specific findings regarding the requirements of the relevant conduct guideline, and the district court's reference to the stipulated statement of facts was not sufficient. United States v. Conkins, 987 F.2d 564, superseded by, 9 F.3d 1377 (9th Cir.1993); United States v. Navarro, 979 F.2d 786 (9th Cir.1992); United States v. Chavez-Gutierrez, 961 F.2d 1476 (9th Cir.1992). In each of these cases, the panel determined that the district court failed to make express factual determinations with respect to defendant's relevant conduct. See Conkins, 987 F.2d at 572-73 (general and conclusory statement by the district court falls short of the specificity required under section 1B1.3); Navarro, 979 F.2d at 788-89 (remanding for resentencing where district court failed to make express factual findings to support its use of total drug sales in sentencing a co-conspirator); Chavez-Gutierrez, 961 F.2d at 1480-81 (sentence vacated due to absence of facts in PSR to demonstrate defendant's involvement in other transactions and district court's failure to make express findings that defendant had been accountable for each transaction). These cases do not hold that a district court cannot rely on statements and conclusions in the PSR or plea agreement for its findings. Rather, it appears that in each of these cases, the sentencing court simply failed to make specific determinations with respect to defendant's particular conduct.
 
 
 10
 Following oral argument at sentencing on the issue of a relevant conduct enhancement, the district judge stated:
 
 
 11
 I have read the presentence report, the addendum, the position paper, and I have heard the arguments of the parties. And those things are received for purposes of these proceedings.
 
 
 12
 The court has reviewed the statement of stipulated facts, and included in the statement of stipulated facts is the defendant's statement describing this particular incident which was the subject of the indictment. And also he said that it was the third time that he had picked up priority mail packages, and that he had taken credit cards out of their envelopes....
 
 
 13
 The court has also reviewed ... the [PSR], the statement that [Truong] made to the probation officer, which resulted in his receiving a two-point credit for acceptance of responsibility. In that statement, he specifically stated that on three occasions, at the request of the codefendant Ha, he drove to the post office and removed mail which he knew to be stolen. And he explained the circumstances surrounding that.
 
 
 14
 ....
 
 
 15
 Since this conduct was included in the statement of stipulated facts, as the court interprets them, as well as in the defendant's statement to probation in describing his involvement in accepting responsibility for his involvement, the Court finds that it is appropriate to include these other two instances even though they are not charged in the indictment for determining the appropriate sentence to be imposed.
 
 
 16
 So the Court would overrule the objection raised by [ ] defense and would find that probation has correctly calculated the sentence based upon the guideline.
 
 
 17
 Accordingly, Truong was held accountable only for the 1993 credit card fraud losses linked to stolen credit card sleeves found in the truck he was driving and linked to the San Gabriel Post Office.
 
 
 18
 Truong's conduct meets the factors enumerated in Hahn to establish relevant conduct. All of the relevant conduct occurred within 1993; it all involved the same scheme; and Truong was held accountable for 1993 credit card losses linked to stolen credit card sleeves found in the truck he was driving and linked to the San Gabriel Post Office. There was sufficient evidence for the district court to link the $10,985.27 in losses to Truong and determine that it was relevant conduct. See United States v. Newbert, 952 F.2d 281 (9th Cir.1991) ("Section 1B1.3(a)(2) applies only to a certain class of crimes, including fraud and embezzlement, where the defendant was involved in a pattern of small thefts. The Guideline analysis of harm is based on the quantity, and the conduct should therefore be viewed as a whole."), cert. denied, 112 S.Ct. 1702 (1992).
 
 
 19
 Truong next contends the district court had no authority to order restitution based on conduct beyond that alleged in the Indictment. He insists there was no basis for such an order because the plea agreement was not specific as to the amount of restitution that could be ordered. Truong claims the restitution order is ambiguous and uncertain and, therefore, not enforceable.
 
 
 20
 The Sentencing Guidelines authorize a district court to enter a restitution order if such order is authorized under 18 U.S.C. Secs.Sec. 3663-64, the Victim and Witness Protection Act ("VWPA"). U.S.S.G. Sec. 5E1.1(a)(1). The VWPA provides that, in determining the amount of restitution to be paid by a defendant, the district court "shall consider the amount of the loss sustained by any victim as a result of the offense ... and such other factors as the court deems appropriate." 18 U.S.C. Sec. 3664(a).
 
 
 21
 Before 1990, the VWPA was interpreted as allowing restitution only for an amount of loss caused by the specific conduct forming the basis for the offense of conviction. Hughey v. United States, 495 U.S. 411, 413 (1990). In 1990, Congress amended the VWPA to permit a district court to "order restitution in any criminal case to the extent agreed by the parties in a plea agreement." 18 U.S.C. Sec. 3663((a)(3). Thus, the amendment clarifies the range of Hughey as permitting restitution beyond the offense of conviction "when the defendant agrees to such in a plea agreement." United States v. Soderling, 970 F.2d 529, 533 (9th Cir.1992), cert. denied, 113 S.Ct. 2446 (1993).
 
 
 22
 At a minimum, the district court was authorized to order restitution for losses that Truong either expressly agreed to or directly caused by the conduct composing the offense of conviction. The district court was also authorized to enter a restitution amount for losses beyond those resulting from the specific conduct of which Truong was convicted. The plea agreement stated: "[T]he Court can order you to pay restitution for the full loss caused by your activities. You agree that the restitution order is not restricted to the amounts alleged in the count to which you are pleading guilty." The government specifically reserved the right to litigate the amount of financial loss. Truong was advised prior to entering his plea that he faced up to $300,000 in restitution based on conduct outside the offense of conviction.
 
 
 23
 Finally, the fact that the plea agreement failed to specify the exact amount of restitution does not render the restitution order improper. Premised on conduct beyond the offense of conviction, the district court made a judicial determination that defendant was responsible for a credit card fraud loss in the amount of $10,985.27 and ordered restitution accordingly. When Truong signed his plea agreement he was aware that $300,000 in restitution could be ordered. This was permissible. See United States v. Jackson, 982 F.2d 1279, 1282-83 (9th Cir.1992); United States v. Barany, 884 F.2d 1255, 1259-60 (9th Cir.1989), cert. denied, 493 U.S. (1990). Cf United States v. Parrott, 992 F.2d 914, 917 (9th Cir.1993).
 
 
 24
 The sentence and restitution order are AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Hon. Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3