**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Leroy HILL, Defendant–Appellant.**

No. 01–5748.

United States Court of Appeals,
Sixth Circuit.

March 12, 2003.

**565**

Before MOORE and CLAY, Circuit Judges; and LAWSON, District Judge.*

### ORDER

Leroy Hill appeals the sentence of imprisonment entered upon his plea of guilty to conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), and carrying, using, and possessing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The district court sentenced Hill to ninety-seven months of imprisonment on the drug offenses and sixty months of imprisonment on the firearm offense, to be served consecutively.

On appeal, Hill contends that his sentence was the result of an incorrect guideline application, see 18 U.S.C. § 3742(a)(2), because: 1) the district court improperly considered his lack of employment; 2) the district court improperly considered prior criminal charges not resulting in conviction; and 3) the district court improperly considered facts surrounding his negotiations for the purchase of drugs.

In reviewing challenges to sentences, this court reviews the district court's legal conclusions regarding the application of the Sentencing Guidelines de novo, and reviews the district court's factual findings for clear error. *United States v. Taylor,* 248 F.3d 506, 515 (6th Cir.), *cert. denied,* 534 U.S. 981, 122 S.Ct. 414, 151 L.Ed.2d 315 (2001).

Upon review, we conclude that the district court did not misapply the guidelines. In choosing the term of imprisonment within the guideline range—as is the case herein—courts may consider, without limitation, any information concerning the background, character, and conduct of the defendant, unless otherwise prohibited by law. USSG § 1B1.4.

■ Hill first claims that the district court improperly considered his lack of employment in determining his sentence. In support of his claim, Hill relies on USSG § 5H1.5, which limits the district court's ability to consider a defendant's employment record in sentencing. Section 5H1.5, however, is not applicable in this case. That section provides that a defendant's employment record is not normally relevant in determining whether a sentence should be outside the applicable guideline range. Inasmuch as Hill was not sentenced outside the applicable guideline range, Hill's reliance on § 5H1.5 is misplaced.

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

Hill next claims that the district court improperly considered prior criminal charges not resulting in conviction in determining his sentence. Courts have consistently held that uncharged but relevant criminal conduct may be used in determining a defendant's sentencing guideline range. *See, e.g., United States v. Sanders,* 982 F.2d 4, 10 (1st Cir.1992); *United States v. Galloway,* 976 F.2d 414, 427–28 (8th Cir.1992); *United States v. Newbert,* 952 F.2d 281, 284–85 (9th Cir.1991). In support of his claim, Hill relies on USSG § 4A1.3 which authorizes the district court to depart from the guideline range where "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct" and provides that a prior arrest record shall not be considered. USSG. § 4A1.3. That section, however is not applicable in Hill's case because the district court did not depart from the applicable guideline range. Thus, Hill's reliance on § 4A1.3 is misplaced.

Finally, Hill claims that the district court improperly considered facts surrounding his negotiations for the purchase of drugs. Hill's claim is meritless. Hill negotiated for sixty grams of cocaine base, an amount that would have carried with it a ten-year mandatory minimum sentence. The net weight of the cocaine base turned out to be under fifty grams. The district court properly considered Hill's conduct in determining his sentence, and Hill's negotiations for a larger quantity of cocaine base than the amount he actually received is not conduct otherwise prohibited from consideration by law. USSG § 1B1.4.

Accordingly, we hereby affirm the district court's judgment.