UNITED STATES of America,
Plaintiff—Appellee,

v.

Ralph N. WHISTLER, Defendant—
Appellant.

No. 03–10667.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2004.

Submission Withdrawn & Deferred
Nov. 12, 2004.

Resubmitted July 5, 2005.

July 5, 2005.

2

Before RYMER and HAWKINS, Circuit Judges, and BREWSTER,* Senior District Judge.

## MEMORANDUM **

Appellant Ralph N. Whistler challenges the sufficiency of the grand jury indictment, the failure of the district court to disclose grand jury transcripts, evidentiary rulings by the district court, and the term of his sentence. We affirm Whistler's conviction. We address the sentencing issues Whistler raised on appeal before us, but we remand in accordance with *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc).

Whistler was an experienced CPA who established trusts to reduce his clients' tax liability. However, when establishing the trusts, Whistler backdated or had employees backdate documents to allow clients to claim deductions for years prior to the establishment of the trusts, deducted for expenses that never occurred, and misstated ownership of assets. Whistler then prepared and filed tax returns containing these misrepresentations. Following trial, Whistler was convicted of aiding and assisting in the preparation of fraudulent income tax returns in violation of 26 U.S.C. § 7206(2) and was sentenced to 39 months imprisonment.

Whistler contends his conviction should be reversed because the grand jury indictment failed to properly allege the statutory element of willfulness. We review the

Alan Hechtkopf, Attorney, Michael E. Karam, Esq., DOJ—U.S. Department of Justice, Tax Division, Washington, DC, for Plaintiff–Appellee.

Michael D. Gordon, Esq., Douglas A. Passon, Esq., FPDAZ—Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

* The Honorable Rudi M. Brewster, Senior United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sufficiency of an indictment *de novo. See United States v. James,* 980 F.2d 1314, 1316 (9th Cir.1992). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Morrison,* 536 F.2d 286, 288 (9th Cir.1976) (quoting *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974)).

■ According to Whistler, the word "willful" is too vague to allege that he intended to violate a known legal duty. We disagree. In the tax context, willfulness means a voluntary, intentional violation of a known legal duty, but does not require malice, bad faith, or an evil motive. *Cheek v. United States,* 498 U.S. 192, 200–201, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991). By alleging that Whistler's actions were voluntary and intentional and were conducted with his knowledge or belief that each return was fraudulent (*i.e.* illegal), the indictment charges willfulness. The term "willfulness" is not vague but is a term of art with a known meaning for tax defendants of knowing one's duty and voluntarily and intentionally violating it. Because the term "willfulness" has a known meaning, the indictment sufficiently apprised Whistler of the charges raised against him. Thus, the district court properly denied Whistler's motion to dismiss the indictment.

■ Whistler also challenges the failure of the district court to disclose grand jury transcripts. We review the district court's decision to release or not release grand jury transcripts for abuse of discretion. *United States v. Plummer,* 941 F.2d 799, 806 (9th Cir.1991). "A party seeking disclosure of grand jury transcripts must demonstrate a particularized need for the disclosure." *United States v. Perez,* 67 F.3d 1371, 1381 (9th Cir.1995), *withdrawn in part on other grounds,* 116 F.3d 840 (9th Cir.1997) (en banc). Whistler claims a particularized need existed because the grand jury indictment failed to allege he violated a known legal duty. Whistler's argument is based on his proposition that the grand jury indictment is insufficient. But, as explained *supra,* the indictment properly alleged the statutory element of willfulness. As such, there is no particularized need for the disclosure of grand jury transcripts. Therefore, the district court did not abuse its discretion in failing to disclose the grand jury transcripts.

In addition, Whistler challenges several evidentiary rulings by the district court. We review evidentiary rulings by a district court for an abuse of discretion. *See United States v. Sua,* 307 F.3d 1150, 1152 (9th Cir.2002); *United States v. Soulard,* 730 F.2d 1292, 1296 (9th Cir.1984). According to Whistler, the district court erred when it (1) excluded evidence of litigation brought by the government against National Trust Services (a separate entity whose trusts Whistler modeled his own trusts after), (2) allowed the government's expert witness to testify, and (3) admitted summary charts offered by the government as substantive evidence. We hold the district court did not abuse its discretion or commit reversible error.

■ First, the National Trust Service litigation evidence had no bearing on Whistler's misrepresentations—backdated documents, phantom deductions, and misstated assets. Since this evidence was irrelevant to the conduct at issue, the district court did not abuse its discretion when excluding it. *See* Fed.R.Evid. 401.

■ Second, under the Federal Rules of Evidence, an expert can testify on an ultimate issue to be decided by the trier of

**4**

fact, as long as the expert does not testify about "whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto." *See* Fed.R.Evid. 704(a)-(b); *United States v. Clardy,* 612 F.2d 1139, 1153 (9th Cir.1980). Here, the testimony was not improper opinion evidence because the government's expert did not express an opinion as to Whistler's state of mind. Accordingly, the district court did not abuse its discretion when it allowed this testimony.

■ Third, the district court did not commit reversible error in admitting summary charts into evidence or allowing their use during jury deliberations. *See United States v. Abbas,* 504 F.2d 123, 124–126 (9th Cir.1974). The district court provided the jury limiting instructions regarding the charts and summaries. *Id.* at 125. Furthermore, the defense had an opportunity to cross examine the government's expert and to challenge the factual basis of the charts. *See id.; United States v. Krasn,* 614 F.2d 1229, 1238 (9th Cir.1980). Thus, any error in how the district court treated the summary charts was harmless.

■ Finally, the district court did not commit clear error by including tax loss attributable to false returns filed by Hunt's True Value Lumber and John and Teresa Vail in its tax loss calculation to determine Whistler's base offense level. The government submitted sufficient evidence to show that these returns were part of Whistler's illegal scheme. Nor did the district court misapply the Guidelines in taking account of the filing of false state tax returns as relevant conduct to determine Whistler's sentence. *See* U.S.S.G. § 2T1.1, cmt. n. 2 (1995) ("In determining

the total tax loss attributable to the offense, *all conduct violating the tax laws* should be considered as part of the conduct or common scheme or plan unless the evidence demonstrates that the conduct is clearly unrelated.") (emphasis added); *United States v. Newbert,* 952 F.2d 281, 284 (9th Cir.1991) (holding that conduct in violation of state rather than federal law was relevant conduct under U.S.S.G. § 1B1.3(a)(2)).

However, because Whistler did not challenge his sentence on Sixth Amendment grounds in the district court, we grant a limited remand pursuant to *Ameline,* 409 F.3d 1073.

**AFFIRMED IN PART, REMANDED IN PART.**