**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Latonya Nasha SMITH, Defendant—
Appellant.**

**No. 05–10674.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2006.*

Decided Sept. 15, 2006.

Jason S. Hitt, Esq., USSAC—Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Jeffrey L. Staniels, Esq., FPDCA—Federal Public Defender's Office, Sacramento, CA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Latonya Nasha Smith appeals from her 37–month sentence for bank fraud in violation of 18 U.S.C. § 1344(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Smith first contends that the district court erred in applying a two-level enhancement for the number of victims because those victims were determined based on stolen mail which should not be considered "relevant conduct" of her underlying check fraud scheme. We review for clear error whether conduct extraneous to an offense of conviction can be considered "relevant conduct" for purposes of a sentencing enhancement. *See United States v. Hahn,* 960 F.2d 903, 907 (9th Cir.1992). Upon review, we conclude that the district court did not err because the record supports a finding that the stolen mail found in Smith's apartment was "relevant conduct." *See United States v. Newbert,* 952 F.2d 281, 284 (9th Cir.1991).

■ Additionally, Smith contends that the district court improperly applied a two-level enhancement pursuant to § 2B1.1(b)(10)(C)(i) of the Sentencing Guidelines as there is no evidence she stole the identity used to create the fraudulent checks. The application of the guidelines to the facts of a particular case is reviewed for abuse of discretion. *See United States v. Melendrez,* 389 F.3d 829, 831–32 (9th Cir.2004). Contrary to Smith's contention, § 2B1.1(b)(10)(C)(i) does not require that the identity information used to create the fraudulent checks be stolen. It requires

only that the victim's identity was used unlawfully to create other means of identification. *See* U.S.S.G § 2B1.1(b)(10)(C)(i). Therefore, because Smith used stolen identity information in creating a new financial instrument, we conclude that the district court did not err in applying a two-level enhancement pursuant to § 2B1.1(b)(10)(C)(i).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

