**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50283 |
| Plaintiff - Appellee, | D.C. No. CR 06-314-JSL |
| v. | |
| NNANNA PRINCE WILL ISU, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
J. Spencer Letts, Senior District Judge, Presiding

Argued and Submitted May 4, 2010
Pasadena, California

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and LEFKOW,[**]
District Judge.

Nnanna Prince Will Isu appeals his sentence of seventy-eight months

imprisonment imposed after he pled guilty to one count of mail fraud in violation

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Joan H. Lefkow, United States District Judge for the
Northern District of Illinois, sitting by designation.

of 18 U.S.C. § 1341.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.  We affirm.

Because Isu objected to the probation office's loss calculation, which was the basis for an upward adjustment in Isu's guidelines calculation, the government bore the burden of proof in establishing the factual predicate for the adjustment. *United States* v. *Ameline*, 409 F.3d 1073, 1085–86 (9th Cir. 2005) (en banc).[1]  This does not mean, however, that Isu had no burden to rebut the government's proffered evidence.  *See United States* v. *Garcia-Sanchez*, 189 F.3d 1143, 1149 (9th Cir. 1999).  Isu presented only speculation that some deposits in his account may have been from gambling winnings.  Because he did not refute the government's proof, and a reasonable inference could be drawn from the evidence presented that the unaccounted-for deposits in Isu's account and the uncorroborated entries in Vaughan's check ledger were related to the fraud, the

[1] Contrary to the parties' position that the district court was to find the loss amount by clear and convincing evidence, a preponderance of the evidence standard applies.  Under U.S.S.G. § 2B1.1(b)(1)(G) and (H), Isu's position on the loss calculation would be over $200,000 (a twelve-level increase) instead of the government's position of over $400,000 (a fourteen-level increase).  A two-level disparity would not result in an "extremely disproportionate effect" on the sentence that would require the application of a clear and convincing standard of proof.  *See United States* v. *Armstead*, 552 F.3d 769, 777–78 & n.6 (9th Cir. 2008).

district court's determination that the government established the amount of loss attributed to Isu was not clear error.

The court also did not err in considering all losses caused by Isu's scheme and not just those amounts obtained through mail fraud. To be considered relevant conduct, the conduct need not be groupable or a violation of federal law as long as the offense of conviction itself is a groupable offense and the other conduct is part of the same course of conduct or common scheme or plan. *See* U.S.S.G. § 1B1.3(a)(2) (2002); *United States* v. *Newbert*, 952 F.2d 281, 284 (9th Cir. 1991).

Isu's sentence is both procedurally and substantively reasonable. The district court properly calculated Isu's guidelines range and sufficiently addressed Isu's arguments in mitigation. *See Rita* v. *United States*, 551 U.S. 338, 358–59 (2007); *United States* v. *Carty*, 520 F.3d 984, 995–96 (9th Cir. 2008) (en banc). Although within-guidelines sentences are not presumed reasonable, they are not often deemed unreasonable where the court has considered the relevant factors in imposing a sentence. *Carty*, 520 F.3d at 993–94. Here, the district court recited that it considered a seventy-eight month sentence sufficient but not greater than necessary to account for the nature and circumstances of Isu's offense, particularly where Isu had targeted vulnerable victims and cynically used his own disability to his advantage in doing so. Considering the totality of the circumstances, the

3

district court's choice of the high end of the guideline range was not an abuse of discretion.

**AFFIRMED.**