UNITED STATES of America, Appellee,

v.

Andrew James DENNIS, Appellant.

No. 90–5407SD.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 4, 1991.

Decided Feb. 27, 1991.

---

I and IV, to a one year term of imprisonment on Count II to run consecutive to those in Counts I and IV, and suspended sentence on Count III and placed Hern on probation for three years to run consecutively with the sentences imposed on Counts I, II and IV. The court also imposed a $5000 fine.

Scott Hoy, Sioux Falls, S.D., for appellant.

Bonnie Ulrich, Asst. U.S. Atty., Sioux Falls, S.D., for appellee.

Before McMILLIAN, FAGG, and MAGILL, Circuit Judges.

PER CURIAM.

Andrew James Dennis appeals from a guidelines sentence of twenty-seven months following his guilty plea to possession of an unregistered firearm. We affirm.

■ Dennis first claims the district court erroneously increased his offense level under U.S.S.G. § 2K2.2(b)(1)(B) for distributing six firearms although he was indicted for possessing only a single sawed-off shotgun. We disagree. In drug cases, this court has sanctioned the use of uncharged but relevant conduct to calculate offense levels, and has held the amount of drugs involved and the relevancy of conduct are factual findings reversible only on clear error. *See, e.g., United States v. Lawrence,* 915 F.2d 402, 406–08 (8th Cir.1990); *United States v. Gooden,* 892 F.2d 725, 727–29 (8th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 2594, 110 L.Ed.2d 274 (1990). Although Dennis possessed and distributed guns rather than drugs, we believe the same rationale applies regardless of the contraband involved. Having reviewed the record, we find no clear error.

■ Dennis next argues increasing his offense level for possessing a stolen weapon, *see* U.S.S.G. § 2K2.2(b)(2), subjects him to double jeopardy because he is serving a state sentence for receiving stolen property that included the sawed-off shotgun. This argument is without merit. Both the federal government and a state may prosecute and punish an offender for the same conduct, and the dual punishment by separate sovereigns does not mean an offender " 'has been twice punished for the same offense; but only that by one act, he has

committed two offenses, for each of which he is justly punished.'" *Heath v. Alabama,* 474 U.S. 82, 88, 106 S.Ct. 433, 437, 88 L.Ed.2d 387 (1985) (quoting *Moore v. Illinois,* 14 How. 13, 19, 14 L.Ed. 306 (1852)).

Finally, Dennis argues the district court should have granted him credit for time served on his state sentence. A defendant is entitled to credit for time spent in official detention only if it has not been credited against another sentence. *See* 18 U.S.C. § 3585(b) (1988). In this case, Dennis receives credit on his state sentence for the time he spends in state custody. Thus, Dennis is not entitled to credit this time against his federal sentence.

Accordingly, we affirm.