958 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edmund John LARA, Defendant-Appellant.
 No. 90-50034.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1992.*
Decided March 19, 1992.
 
 Before BRUNETTI, O'SCANNLAIN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 FACTS
 
 2
 Edmund John Lara, the appellant, was charged with four counts by a federal grand jury. Counts One and Two alleged the illegal manufacture of a pipe bomb and a sawed-off shotgun. Counts Three and Four alleged illegal possession of those unregistered weapons. On July 11, 1989, Lara entered into a plea agreement where he pleaded guilty to Counts Two and Four, Counts One and Three were dismissed, and the Government agreed to recommend a two-level downward adjustment for defendant's acceptance of responsibility.
 
 
 3
 When Lara was arrested, the sawed-off shotgun had a silencer attached. The PSR calculated the base offense level as 12 under the appropriate U.S. Sentencing Guidelines section (§ 2k2.2). The PSR also recommended that pursuant to the "specific offense characteristics" provision U.S.S.G. § 2k2.2(b)(2) the offense level should be increased by four levels because "the firearm is a silencer." The district court increased the offense level by the four levels. The court found that although the firearm Lara was charged with manufacturing and possessing was not a silencer, the silencer should be taken into account under the "relevant conduct" provisions of the guidelines.
 
 DISCUSSION
 
 4
 Lara argues that the U.S.S.G. applicable to this case applies only to the specific offense for which the defendant was convicted. The provision reads, "If the firearm was a silencer, increase by four levels." U.S.S.G. § 2k2.2(b)(2). Lara maintains that the firearm he was convicted of manufacturing and possessing was not a silencer, but a sawed-off shotgun.
 
 
 5
 The guidelines in effect, however, provided that in determining the "seriousness of the offense" all relevant conduct should be considered. U.S.S.G. § 1B1.3. Relevant conduct includes:
 
 
 6
 acts or omissions ... that (1) are part of the same course of conduct, or a common scheme or plan, as the offense of conviction, or (2) are relevant to the defendant's state of mind or motive....
 
 
 7
 U.S.S.G. § 1B1.3(a). The attachment of the silencer was part of the same course of conduct as the manufacture and possession of the shotgun. It furthered the crime and, in fact, may have dramatically escalated the risk of harm. This "uncharged but relevant conduct" is appropriate to use in calculating the specific offense characteristics under § 2k2.2(b). Cf. United States v. Dennis, 926 F.2d 768, 769 (8th Cir.1991) (approving consideration of uncharged weapons under current section 2K2.2(b), governing trafficking in firearms). Furthermore, amendments to the relevant conduct section of the guidelines lend support to the interpretation of the guidelines by the district court.
 
 
 8
 Lara also argues that under our decision in United States v. Castro-Cervantes, 927 F.2d 1079 (9th Cir.1990), considering the uncharged conduct would be against the implicit terms of the plea agreement. In Castro-Cervantes we held that the sentencing court "should not accept a plea bargain and then later count dismissed charges in calculating the defendant's sentence." Id. at 1082. We decline to extend this to relevant, but uncharged, conduct that was not within the scope of the plea agreement.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3