961 F.2d 217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Derek AKER, Defendant-Appellant.
 No. 91-30314.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 27, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Derek Aker appeals his sentence under the Sentencing Guidelines following his conviction by guilty plea to unlawfully receiving, possessing, and transferring a firearm, in violation of 26 U.S.C. § 5861(d), and engaging in the business of dealing in firearms without a license, in violation of 18 U.S.C. § 923(a). Aker contends that in sentencing him pursuant to U.S.S.G. § 2K2.2, the district court improperly considered as relevant conduct firearms he possessed legally, in addition to the weapons that were the basis for his conviction. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The government contends that we lack jurisdiction over this appeal because Aker's sentence of 24 months is within the Guidelines range of 18 to 24 months that would apply if the weapons in question were excluded. This characterization of the record is incorrect; the district court departed downward to 24 months from a range of 37 to 46 months. Because it is unclear that the district court would have given Aker the same sentence had it not included the legal weapons as relevant conduct, Aker is entitled to review of his sentence. See United States v. Skillman, 922 F.2d 1370, 1379 (9th Cir.1990), cert. dismissed, 112 S.Ct. 353 (1991) (remand appropriate where it was unclear whether the district court would give the same sentence absent an erroneous adjustment for acceptance of responsibility).
 
 Relevant Conduct
 
 4
 Aker contends that the district court erred by counting as relevant conduct sixteen legally possessed guns found in Aker's home that constituted Aker's personal gun collection. The inclusion of those weapons resulted in a five-level upward adjustment of his base offense level pursuant to section 2K2.2(b)(1)(E) instead of a three-level adjustment pursuant to section 2K2.2(b)(1)(C).
 
 
 5
 We review de novo the district court's interpretation of the Sentencing Guidelines, and its factual determinations made in the course of applying the Guidelines for clear error. United States v. Newbert, 952 F.2d 281, 283 (9th Cir.1991), petition for cert. filed, --- U.S.L.W. ---- (Mar. 19, 1992) (No. 91-7721). Whether activities are part of the same course of conduct so as to be considered relevant conduct within the meaning of section 1B1.3(a)(2) is reviewed for clear error. United States v. Hahn, No. 89-10592, slip. op. 3655, 3663 (9th Cir. April 7, 1992).
 
 
 6
 Section 2K2.2 provides for a base offense level of 18 for a violation involving up to two firearms, with adjustments keyed to the quantity of firearms involved. U.S.S.G. § 2K2.2(b)(1). In determining a defendant's base offense level, the court may consider relevant conduct, including acts that were part of the same "course of conduct or common scheme or plan as the offense of conviction" and the harm that resulted from those acts. U.S.S.G. § 1B1.3(a)(2) & comment. (backg'd). The Guidelines direct the sentencing court to consider "the full range of related conduct" in determining the base offense level. See Newbert, 952 F.2d at 283-84. Nevertheless, because imposing punishment on the basis of acts extraneous to the conviction implicates principles of due process, Hahn, slip. op. at 3665 (citing In re Winship, 397 U.S. 358 (1970)), the district court should evaluate the similarity of the extraneous acts to the offense of conviction, the proximity in time, and the number and frequency of repetitions, id. at 3669-71. It may consider uncharged conduct, provided that such conduct is not within the scope of a plea agreement that forecloses consideration of the acts in question. See United States v. Fine, 946 F.2d 650, 652 (9th Cir.1991) (in calculating defendant's sentence, court may not rely on charges dismissed pursuant to a plea agreement). The district court may increase a defendant's sentence for a firearms offense on the basis of additional firearms not mentioned in the indictment. United States v. Dennis, 926 F.2d 768, 769 (9th Cir.1991) (per curiam).
 
 
 7
 To be relevant to the offense of conviction, conduct must be illegal as well as sufficiently similar to the crime charged to suggest "a pattern of criminal conduct." Hahn, slip op. at 3669. As in the case of drug trafficking offenses, the Guidelines structure sentencing for firearms offenses according to the quantity of contraband involved. Compare U.S.S.G. § 2D1.1 with U.S.S.G. § 2K2.2; see Dennis, 926 F.2d at 769. Unlike possession of proscribed substances, however, possession of some types of firearms is permitted for lawful purposes such as recreation and personal protection, subject to registration requirements. See 18 U.S.C. § 921(a)(21)(C) (expressly excluding from the definition of "engaged in the business" of dealing in firearms "a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms"); United States v. Breier, 813 F.2d 212, 213-14 (9th Cir.1987), cert. denied, 485 U.S. 960 (1988). To prove that a defendant was "engaged in the business of dealing in firearms" within the meaning of section 923(a), the government must show that the intent underlying the sale is predominantly obtaining livelihood or profit. 18 U.S.C. § 921(a)(21)(A).
 
 
 8
 Here, Aker pleaded guilty to one count of receiving and selling to an undercover agent an unregistered machine gun in violation of 26 U.S.C. § 5861(d) (count 1) and one count of engaging in the business of selling firearms without a license, in violation of 18 U.S.C. § 923(a) (count 2). Count 2 of the superseding indictment included a non-exhaustive list of nine other weapons Aker had sold to the agent, including machine guns and explosives he had stolen in a burglary. Aker admitted selling the firearms specified in the superseding indictment for $8,500.
 
 
 9
 In its presentence report, the government requested that the district court include sixteen additional guns seized at Aker's home in calculating Aker's adjusted offense level. Aker argued that his possession of those guns was legal, and that they were part of his private collection and should not be counted as relevant conduct. The government conceded that simple possession of those guns is legal. It argued, however, that the guns were part of the same course of conduct involved in the offense of dealing in firearms without a license, and presented evidence that pecuniary gain was one of Aker's motives for selling firearms; he told the undercover agent that he could procure other firearms if an interested buyer presented himself; and he attempted to sell at least four of the guns that he maintains were part of his "personal collection" by posting a "For Sale or Trade" sign in the Ashland police station. Aker's possession of the additional guns was contemporaneous with the offenses for which he was convicted. Based on this showing, it was not clear error to find that the sixteen guns seized in Aker's residence after his arrest were part of the same course of conduct involved in the charged offenses. See Hahn, slip op. at 3668-72.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3