45 F.3d 440
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Stanley D. VAN TASSEL, Petitioner-Appellant,
v.
William PERRILL, Warden, FCI Englewood, Respondent-Appellee.
 No. 94-1109.
 United States Court of Appeals, Tenth Circuit.
 Dec. 20, 1994.
 
 Before McWILLIAMS, BARRETT and LOGAN, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Stanley Van Tassel appeals pro se the district court's dismissal of his application for a writ of habeas corpus. Petitioner is currently serving a ten-year federal sentence originally imposed in 1974. At that time petitioner was serving a state-imposed sentence. Petitioner alleges that in December 1974, he was released from a California state work-farm despite a federal detainer lodged against him. He alleges that, through no fault of his own, the United States failed to take him into federal custody at the end of his state sentence. He remained at liberty from December 14, 1974, until July 15, 1992, when he was taken into federal custody. Petitioner asserts that he is entitled to credit against his federal sentence for the time he was at liberty. See White v. Pearlman, 42 F.2d 788, 789 (10th Cir.1930) (where a prisoner is mistakenly released through no fault of his own he must receive credit against his sentence for time he was erroneously at liberty); see also Green v. Christiansen, 732 F.2d 1397, 1400-01 (9th Cir.1984) (need not exhaust administrative remedies).
 
 
 3
 The district court adopted the magistrate judge's recommendation, which included a finding that petitioner was not released from state custody but escaped, and therefore was not entitled to credit for the time he was at liberty. Petitioner's essential contention on appeal is that the magistrate judge's finding that he escaped from state custody was based on a "hearsay declaration provided by the record officer at the institution of confinement," and that the court should have conducted an evidentiary hearing on the question whether he escaped or was released from custody. Although petitioner attacks the evidentiary basis for the magistrate judge's finding that he escaped,[2] he has the burden to demonstrate a contested issue of material fact. Although his appellate brief states that "[t]he written documentation in this case indicates that appellant was released from state confinement," Appellant's Opening Brief at 2, he provides nothing except his own affidavit asserting that he did not escape, but was released. That is not enough. Petitioner must go beyond a bare denial to create a factual dispute as to whether he was indeed mistakenly released.
 
 
 4
 AFFIRMED.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The record contains two documents supporting this finding: (1)a letter dated November 24, 1992, from the Probation Office of the United States District Court for the Northern District of California stating that "[s]ome time in 1975, Mr. Van Tassel walked away from placement at a minimum security camp here in California." I R. doc. 7, ex. 1; and (2)a declaration by the Inmate Systems Manager at the Federal Correctional Institution in which petitioner is incarcerated, which states that "[p]rior to serving his federal sentence, petitioner escaped from state custody sometime in 1975, where petitioner walked away from a minimum security camp in California. Since this occurred so many years ago, the exact dates cannot be verified." I R. doc. 7, ex. 3