**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 10 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

GEORGE BAILES, III,

    Petitioner-Appellant,

    v.

J.W. BOOKER, Warden,

    Respondent-Appellee.

No. 97-1144
(D.C. No. 96-B-2024)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Petitioner George Bailes, III, a federal inmate appearing pro se, appeals the district court's order dismissing his petition for habeas relief under 28 U.S.C. § 2241. We affirm. Bailes contends he should receive pretrial confinement credit

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

for time spent in federal custody after the writ of habeas corpus ad prosequendum was executed and before he was sentenced for violating 18 U.S.C. § 922(g)(1). Specifically, he seeks credit on his federal sentence for the period he spent in confinement from July 7, 1994, through December 7, 1994.

Bailes was arrested in California for state parole violation on February 5, 1994, for absconding, illegally possessing a firearm, and resisting arrest, and he was sentenced to one year of imprisonment. Based on these events, the United States charged Bailes with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). A writ of habeas corpus ad prosequendum was issued for him to appear and answer the federal charges, and he was taken into federal custody on July 7, 1994. On December 8, 1994, Bailes was sentenced to seventy months' imprisonment and three years' supervised release. On January 27, 1995, Bailes was transferred to Colorado to begin serving his federal sentence. Bailes received credit on his state sentence for the time he spent in custody from February 5, 1994, through February 5, 1995, when his state sentence expired.

It was originally determined that Bailes' federal sentence would begin on February 5, 1995, after his state sentence expired. However, on August 1, 1995, the Bureau of Prisons issued a nunc pro tunc order declaring that his federal sentence began on December 8, 1994, the date he was sentenced for violating § 922(g)(1). Bailes challenges this determination, arguing his federal sentence

should be calculated from July 7, 1994, the date he was taken into federal custody pursuant to the writ of habeas corpus ad prosequendum.[1]

Bailes' argument ignores the plain language of 18 U.S.C. § 3585(b), which allows a defendant to receive credit for presentence confinement, but only for confinement "that has not been credited against another sentence." In analyzing this statute, the Supreme Court explained that "Congress made clear that a defendant could not receive double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992). Bailes' presentence confinement from July 7, 1994, through December 7, 1994, was credited against his state sentence. He may not receive credit on his federal sentence for this same confinement. See also United States v. Dennis, 926 F.2d 768, 769 (8th Cir. 1991).

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[1] Bailes also argues his federal sentence should be credited with time spent in state custody between February 5, 1994, and July 7, 1994. However, he cites no authority and 18 U.S.C. § 3585(b) clearly does not authorize such a result. Instead, § 3585(b) is intended to allow federal inmates to receive credit for *federal* presentence confinement on federal charges. Bailes was in state confinement for violating state law between February 5, 1994, and July 7, 1994.