**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 8 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TAYARI KANYA BLUITT,

      Petitioner - Appellant,

v.

A.M. FLOWERS, Warden,

      Respondent - Appellee.

No. 98-6067
(D.C. No. CIV-97-79-L)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **EBEL** and **MURPHY**, Circuit Judges.

---

      Tayari Kanya Bluitt, a federal prisoner appearing pro se, appeals the district

court's denial of his petition for habeas relief asserted under 28 U.S.C. § 2241.[1]

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]Mr. Bluitt also moves for leave to proceed on appeal in forma pauperis ("IFP"), under 28 U.S.C. § 1915. Mr. Bluitt's motion to proceed IFP was denied by the district court because the court found that Bluitt had sufficient funds ($202.97) to prepay the filing fee. Mr. Bluitt subsequently submitted the $105 filing fee via money order, but because the money order did not reference a case number, the district court did not credit the payment, and instead apparently returned the money order to the prison. Mr. Bluitt renewed his motion to proceed IFP in this court. The updated financial affidavit submitted in support of his

(continued...)

Mr. Bluitt argues that, under 18 U.S.C. § 3585(b), he is entitled to credit toward his federal sentence for time spent in state custody. Having carefully considered the record and Mr. Bluitt's arguments, we affirm the district court.

The record reveals the following facts. Mr. Bluitt was arrested by the Plano, Texas Police Department on July 30, 1993, and was released on bond the following day. On August 12, 1993, he was again arrested and remained in state custody. On February 4, 1994, Mr. Bluitt was taken into temporary federal custody pursuant to a writ of habeas corpus ad prosequendum. He pled guilty to two federal firearms possession charges and on May 6, 1994, was sentenced to concurrent terms of 78 months. Mr. Bluitt was then returned to state custody. On July 22, 1994, Mr. Bluitt was sentenced in state court to concurrent five-year terms on state charges of possession of a prohibited weapon and criminal mischief. At that time, Mr. Bluitt's presentence confinement from August 12, 1993 through July 22, 1994 was credited against his state sentence.

On September 11, 1995, Mr. Bluitt was released by Texas authorities under mandatory supervision and was transferred to federal custody to begin serving his federal sentences. Mr. Bluitt now argues that he is entitled to receive credit toward his federal sentence for the period between August 12, 1993 (the date of

[1](...continued)
renewed motion reflects only $0.12 in drawable funds on deposit. We therefore grant his motion to proceed IFP on appeal.

arrest), and September 11, 1995 (the date he was released from state custody).

The statute upon which Mr. Bluitt relies provides:

(b) Credit for prior custody. –A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
      (1) as a result of the offense for which the sentence was imposed; or
      (2) as a result of <u>any</u> other charge for which the defendant was arrested <u>after</u> the commission of the offense for which the sentence was imposed;
<u>that has not been credited against another sentence</u>.

18 U.S.C. § 3585(b) (emphasis supplied).

Mr. Bluitt argues that, at the time of his federal sentencing on May 6, 1994, his time served in presentence detention had not yet been credited to any other sentence; consequently, he is entitled under § 3585(b) to credit toward his federal sentence for the period served between his arrest and sentencing. Mr. Bluitt's relies on <u>United States v. Wilson</u>, 916 F.2d 1115, 1117 (6th Cir. 1990), for the proposition that a federal district court must apply the mandate of § 3585(b) <u>at the time the federal sentence is imposed</u>. However, the Sixth Circuit's interpretation of § 3585(b) in <u>Wilson</u> was overturned by the Supreme Court, which held that the Attorney General, through the Bureau of Prisons, makes the credit determination <u>at the time the defendant begins to serve his federal sentence</u>. See <u>United States v. Wilson</u>, 503 U.S. 329, 335 (1992). It is clear that by September 11, 1995, when Mr. Bluitt was transferred to federal custody to begin serving his federal sentences, his presentence detention time had already been credited toward his

state sentences.  Therefore, under the plain language of § 3585(b), Mr. Bluitt is not entitled to double credit for this time served. See United States v. Dennis, 926 F.2d 768, 770 (8th Cir. 1991).

Mr. Bluitt also asserts that his state sentences were ordered to run concurrently with his federal sentences, thereby entitling him to credit for time served in state custody through September 11, 1995.  Mr. Bluitt's argument is unsupported by the record.  No affirmative evidence exists indicating that the state court ordered his state sentences to run concurrently with his federal sentences.[2]

Petitioner's argument fails even if the state court had affirmatively attempted to impose concurrent sentences.  Under 18 U.S.C. § 3584(a), "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."  At the time of his federal sentencing, the district court did not order Mr. Bluitt's federal sentences to run concurrently with any future sentences to be imposed with respect to Mr. Bluitt's pending state charges.  As a result, under § 3584(a), his federal and state sentences were to run consecutively.  Such a determination is a "federal matter

---

[2]Petitioner relies on a section of the standard state judgment forms entitled "Concurrent Unless Otherwise Specified."  This section was left blank, presumably indicating the state court's intention to have Mr. Bluitt's two state terms of imprisonment run concurrently to each other.

which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction." <u>Bloomgren v. Belaski</u>, 948 F.2d 688, 691 (10th Cir. 1991).

In sum, at the time Mr. Bluitt was transferred into federal custody to begin serving his federal sentences, he already had been credited with 346 days of presentence detention time against his state sentence, such that he was not entitled under 18 U.S.C. § 3585(b) to have that time credited to his federal sentence. Moreover, because his state and federal sentences were not ordered to run concurrently to each other, petitioner was not entitled to receive credit on his current federal sentences for time served on his state sentence. Consequently, Mr. Bluitt was not entitled to credit for time spent in state custody from August 12, 1993, to September 11, 1995.

The judgment of the district court is AFFIRMED.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge