David Lawrence WILSON, Petitioner,

v.

A. HERRERA, Warden, Respondent.

Civ.A.No. 99–K–765.

United States District Court,
D. Colorado.

June 9, 1999.

David Lawrence Wilson, FCI Florence, Florence, CO, pro se.

Thomas L. Strickland, U.S. Attorney, Paul J. Johns, Assistant U.S. Attorney, Denver, CO, for respondent.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

Petitioner David Lawrence Wilson is currently serving a 151 month sentence at

the Federal Correctional Institution in Florence, Colorado. Having exhausted his administrative remedies, Wilson filed this Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody, challenging the manner in which his sentences were calculated by the Bureau of Prisons (BOP). Respondent A. Herrera is a prison warden.

## I. Background

On March 7, 1983, Wilson was arrested in Florida on a bank robbery charge. On November 30, 1983, he was convicted of such and given a seven year sentence in a Florida state correctional facility. On April 23, 1984, while still in custody in Florida, Petitioner was convicted of a bank robbery in the United States District Court for the District of Oregon. His sentence was for fifteen years, to run consecutively with the Florida state charge. He was to begin serving his federal term immediately after the completion of the Florida term. Because the criminal actions were committed before November 1, 1987, the calculation of the term of imprisonment was done pursuant to 18 U.S.C. § 3568, which has since been repealed and replaced by 18 U.S.C. § 3585 (part of the Sentencing Reform Act). *See Kendrick v. Carlson,* 995 F.2d 1440, 1444 (8th Cir. 1993). For this reason, I refer to the District of Oregon sentence as the "Old Law" sentence.

Wilson was paroled and released from Florida state prison on February 4, 1987 because the United States Marshal failed to file the 1984 federal judgment against him as a detainer. The following day, Florida state officials rearrested Wilson and held him in Broward County, Florida until September 11, 1988. This was apparently for the purposes of holding him for the U.S. Marshals, who in fact did not come to retrieve him.

On August 11, 1989, Utah police officers arrested Wilson on another bank robbery charge.[1] He was later sentenced to a term of 151 months under the "New Law," § 3585, to be served concurrently with the previous District of Oregon Old Law charge.[2] The Old Law federal sentence expired on January 16, 1997, via Mandatory Release under the provisions of 18 U.S.C. §§ 4163 and 4164. Thus, only the New Law conviction is at issue.

## II. Analysis

Wilson seeks credit toward his New Law sentence for time served from February 5, 1987 to September 11, 1988 (when he was in custody in Florida) and from August 11, 1989 to December 18, 1989 (when he was in custody in Utah before the New Law conviction). He seeks the credits pursuant to the New Law, 18 U.S.C. § 3585(b), which reads in part:

(b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that

---

1. The Response in Opposition to Application for Writ of Habeas Corpus states, citing U.S. Marshal's records, Petitioner was arrested in Utah based on the Old Law District of Oregon judgment on August 15, 1987, then indicted for the Utah bank robbery charges on August 24, 1989. The sealed presentence report filed in the Utah case presents the New Law arrest date as August 11, 1989. Because of my conclusion that Petitioner is not entitled to credit toward his New Law term for the time from his arrest in Utah until his sentencing

for the Utah crime, the exact date of the Utah arrest is inconsequential.

2. Petitioner was originally sentenced on December 18, 1989 to a sixty day study and a twenty year provisional term. On April 4, 1990, he was given a 210 month sentence, which was later reduced to 168 months, on December 24, 1991, and finally to 151 months, on January 15, 1993.

has not been credited against another sentence.

*February 5, 1987–September 11, 1988*

As stated above, Wilson spent this 585 day period in a Florida state prison awaiting the U.S. Marshal's detainer. There is some question as to whether this time has already been credited to Petitioner's Old Law sentence. According to Respondent, Wilson began serving his Old Law sentence on February 5, 1987, the date he should have been taken into custody by the U.S. Marshals. According to Wilson, he only began serving his Old Law sentence on August 11, 1989, when he was arrested in Utah.

The Old Law, under which Wilson was sentenced in 1984, states:

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence.[3] The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which this sentence was imposed.

18 U.S.C. § 3568. Relying on this language, Wilson asks me to find this Old Law sentence did not begin to run until August 1989, when he was taken into custody. He seeks to do this in order to receive credit toward the New Law sentence for the 585 days spent in Florida state custody under § 3585(b)(1).

Conversely, Respondent asks me to find the Old Law sentence began on February 5, 1987, the date it would have commenced had the U.S. Marshals correctly filed a detainer. This is the date the Bureau of Prisons (BOP) has determined to be the commencement date of Wilson's sentence. If this is the case, Wilson cannot receive credit toward his New Law sentence because it would have already been credited toward the Old Law sentence. Such double crediting is prohibited by 18 U.S.C. § 3585(b).[4] *See United States v. Wilson,* 503 U.S. 329, 337, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) (stating that when Congress replaced § 3568 with § 3585, "Congress made clear that a defendant could not receive a double credit for his detention time"); *see also, Bluitt v. A.M. Flowers,* 162 F.3d 1172 (table), No. 98–6067, 1998 WL 703024, at *1 (10th Cir. Oct.8, 1998) (finding "under the plain language of § 3585(b)," petitioner was not entitled to double credit); *United States v. Dennis,* 926 F.2d 768, 770 (8th Cir.1991) (holding a defendant entitled to credit for time spent in official detention only if it has not been credited against another sentence).

In regard to when a sentence commences, notwithstanding the language in § 3568 or § 3585, the Second Circuit has held: "If a ministerial officer, such as a marshal, charged with the duty to execute the court's orders, fails to carry out such orders, that failure cannot be charged up against the prisoner. The prisoner is entitled to serve his time promptly if such is the judgment imposed, and he must be deemed to be serving it from the date he is ordered to serve it ... if, without his fault, the marshal neglects to place him in the proper custody," *Kiendra v. Hadden,* 763 F.2d 69, 72 (2d Cir.1985).

*Kiendra* extended the rule set out in the seminal Tenth Circuit decision, *White v. Pearlman,* which stated, "where a prisoner is discharged from a penal institu-

---

**3.** Similarly, New Law, 18 U.S.C. § 3585 states that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."

**4.** If Petitioner were correct that the Old Law sentence did not commence until August 1989, he would attempt to have the 585 days credited *only* toward the New Law sentence, eliminating the problem of double crediting. Because he has already been paroled for the Old Law conviction, he needs no credit toward such.

tion, without any contributing fault on his part, ... his sentence continues to run while he is at liberty." 42 F.2d 788, 789 (10th Cir.1930) (emphasis added). *See also, Van Tassel v. Perrill,* 45 F.3d 440 (table), 1994 WL 722965 (10th Cir. Dec.20, 1994) (acknowledging the rule in *White,* but disallowing credit because of fault of the prisoner in escaping from confinement); *Murphy v. Perrill,* 107 F.3d 880 (table), 1997 WL 92922, (10th Cir. Mar.5, 1997) (same), *cert. denied,* 520 U.S. 1248, 117 S.Ct. 1860, 137 L.Ed.2d 1061 (1997). In contrast, *Kiendra* allowed the sentence to commence at the time designated by the convicting court, even when the prisoner was not yet in custody. *Kiendra* at 73. *See also, Clark v. Floyd,* 80 F.3d 371, 374 (9th Cir.1996) (stating where a prisoner, awaiting the imposition of federal confinement, was released from a state prison "through the inadvertence of agents of the government and through no fault of his own" that prisoner is entitled to be credited for the time spent out of confinement).

Notwithstanding the seemingly unambiguous language in both § 3568 and § 3585, to produce just conviction circumstances, courts often find a sentence commences when the convicting court designates it to commence, regardless of the fact of actual confinement, when the defendant is not in custody due to no fault of his/her own. This is done in part because " '[a]ny other holding would give the marshal, a ministerial officer, power more arbitrary and capricious than any known in the law. A prisoner sentenced for one year might thus be required to wait forty under the shadow of his unserved sentence before it pleases the marshal to incarcerate him. Such authority is not even granted to the courts of justice, let alone their ministerial officers.' " *Kiendra* at 72 (*quoting Smith v. Swope,* 91 F.2d 260, 262 (9th Cir.1937)).

■ Irrespective of the actual date the Old Law sentence began, however, credit for the time in confinement for that conviction cannot be credited toward the New Law sentence. As noted above, in passing

§ 3585, "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson,* 503 U.S. at 337, 112 S.Ct. 1351. Section 3585 clearly states, regardless of whether the credit was a "result of the offense for which the sentence was imposed," § 3585(b)(1), or a "result of any other charge," § 3585(b)(2), the time credited must have not already been credited against another sentence, § 3585(b). Here again, notwithstanding whether the Old Law sentence commenced in 1987 or in 1989, the 585 days spent in Florida state prison, (and if the sentence began in 1987, the following year in which Petitioner was not in confinement), have already been credited toward his Old Law sentence, and he is not entitled to credit for this time toward his New Law sentence. *See Bloomgren v. Belaski,* 948 F.2d 688, 690 (10th Cir.1991) (holding "if the continued state confinement was exclusively the product of such action by federal law-enforcement officials as to justify treating the state jail as the practical equivalent of a federal one" such prisoner can be given credit toward a federal sentence.).

Wilson cites a BOP Policy Statement Section 5880.28 for the proposition that credit for time in custody may be applied toward both an Old Law, and a concurrent New Law sentence. (Pet.'s Brief Supp. Pet. at 4). This policy, stating "presentence and prior custody time credits shall be combined and subtracted from the [expiration full term date] of *each* sentence" where one is an Old Law and one is an SRA (New Law) sentence, goes against the plain intention of § 3585, as interpreted by the Supreme Court, to rule out double crediting.

Because Wilson's Old Law sentence commenced on February 5, 1987, he has already been credited for the time served in Florida state prison, and may not now receive credit for that time toward his later New Law sentence.

*August 11, 1989–December 18, 1989*

■ As stated above, § 3585 is clear in allowing credits for prior time in confine-

ment only when such time has not been credited toward another sentence. This is the case regardless of whether the time was due to the current offense, or another offense. Although it is common for time spent in confinement before sentencing to be credited to that same sentence, in this instance, the period from August 1989 until December 1989 has already been credited toward the Old Law sentence served by Wilson, and he cannot receive a double credit. *See Wilson,* 503 U.S. at 337, 112 S.Ct. 1351.

### III. *Conclusion*

Because Wilson has already received credit toward his Old Law Oregon District Court sentence for time spent in confinement from February 5, 1987 to September 11, 1988, and from August 11, 1989 to December 18, 1989, he is not entitled to a second credit for those time periods toward his New Law Utah District Court sentence. Accordingly,

IT IS ORDERED THAT the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody is DENIED.